```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION


Matthew T. Berry                    :
                                    :
      Plaintiff                     :
                                    :   Case No.: _____
vs.                                 :
                                    :
Micahel J. Astrue,                  :
Commissioner of Social Security,    :
                                    :
      Defendant                     :
```

**Complaint**

1. Plaintiff, Matthew T. Berry, petitions the Court to issue a writ of mandamus under 28 U.S.C. § 1361 requiring the Defendant, the Commissioner of Social Security, to pay him $2,175.00 in attorney fees under 42 U.S.C. § 406(a) (minus any applicable assessment under 42 U.S.C. § 406(d) from the past due benefits of Social Security beneficiary Renee P. Porter (Porter).

2. The last four digits of Porter's Social Security number are 3136.

3. Plaintiff is a resident of Fulton County Georgia.

4. Defendant is the Commissioner of Social Security.

5. Defendant has supervisory responsibility for the actions and policies of the Social Security Administration (Agency).

6.      On March 17, 2006 Plaintiff and Porter signed a contract in which Porter hired Plaintiff to represent her in administrative proceedings for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). (Exhibit at pg. 1)

7.      In a letter dated February 10, 2008. Porter discharged Plaintiff, terminating his representation of her. (Ex. Pg. 2)

8.      In a Petition to Obtain Approval of a Fee for Representing a Claimant Before Social Security Administration (Fee Petition), Plaintiff requested $2,175.00 in attorney fees under 42 U.S.C. § 406(a). (Ex. Pgs 3-4)

9.      On February 21, 2008, Porter signed a contract with attorneys from the Law Offices of Robert Pagniello, P.C. (Pagnielo Firm) to represent her in administrative proceedings for DIB. (Ex. Pg 5)

10.     On June 5, 2008, the Agency received a letter from the Pagniello firm notifying the Agency that it represented Porter and the Plaintiff no longer did. (Ex. Pg 7)

11.     On December 2, 2008, the Agency, through ALJ Verley J. Spivey (the ALJ) issued a fully favorable decision finding that Porter was disabled. (Ex. Pgs 8-9)

12.     On December 2, 2008, the ALJ approved the fee agreement b etween Porter and Pagniello Firm. (Ex. Pg 10)

13.     In a letter dated December 18, 2008, Plaintiff advised

the ALJ that the fee agreement between Porter and Pagniello Firm should not have been approved and that the ALJ should rule on his Fee Petition. (ex. Pg. 11)

14.     On February 27, 2009, the ALJ issued his Authorization to Charge and Collect Fee, awarding Plaintiff $2,175.00 under 42 U.S.C. § 406(a). (Ex. Pgs. 12-13) The ALJ wrote, "We will directly pay your fee from the claimant's Title II past-due benefits." (Ex. Pg 13) The ALJ further informed Plaintiff that the Agency would deduct from the fee an assessment required by 42 U.S.C. § 406(d) (the assessment). (Ex. Pg. 13)

15.     The Agency has not paid Plaintiff the authorized fee (minus the assessment) from Porter's past-due benefits.

16.     The Agency has a clear non-discretionary duty to pay Pliantiff $2,175.00 in fees under 42 U.S.C. § 406(a), minus the assessment, from Porter's past-due benefits. See, 42 U.S.C. § 406(a).

17.     Plaintiff has no means other than through this petition for a writ of mandamus to obtain from the Agency the $2,175.00 in fees under 42 U.S.C. § 406(a), minus the assessment, from Porter's past-due benefits.

    WHEREFORE, the Plaintiff respectfully prays of the Court

    A.  The issuance of a writ of mandamus compelling the Commissioner of Social Security to pay Plaintiff $2,175.00 in fees under 42 U.S.C. § 406(a), minus the assessment, from

Porter's past-due benefits. See, 28 U.S.C. § 1361; and

  B. That the Plaintiffs have and recover against the Defendant reasonable legal fees, costs and expenses incurred in the prosecution of this action.

  Dated this the 24t[th] day of March, 2011.

            _____/s/_____
            Matthew T. Berry, Bar No. 055663
            Berry & Associates
            2751 Buford Highway, Suite 400
            Atlanta, Georgia 30324
            (404) 235-3334
            matt@mattberry.com

STANDARD FEE AGREEMENT
SOCIAL SECURITY DISABILITY/SSI

ATTORNEY'S FEE: I employ The Law Offices of Berry & Associates, to represent me before the Social Security Administration in my Social Security Disability case, Supplemental Security Income (SSI) case, or both. If I win, I agree that my attorney's fee will be twenty-five percent (25%) of all past-due benefits awarded to me and my family, up to the maximum fee amount specified in section 206(a)(2)(A)(ii)(II) of the Social Security Act, *(this cap is currently $5,300.00)* whichever is less. I understand that the attorney's fee depends on winning my case. If I am not awarded benefits, then the attorneys receive no fee.

PAYMENT OF ATTORNEY'S FEE: I understand that the Social Security Adminsitration will hold out 25% of past-due Social Security disability benefits and pay my attorneys for their work on the Social Security disability part of the case. However, the Social Security Administration will not hold or pay my attorneys any money from past-due SSI benefits that I receive. So, for my SSI case, I agree that as soon as I receive my lump sum SSI check I will pay my attorney 25% of the total award up to the maximum fee amount specified in section 206(a)(2)(A)(ii)(II) of the Social Security Act, *(this cap is currently $5,300.00)* whichever is less. If I receive both Social Security disability and SSI benefits, I understand that my total fee will not be more than 25% of all past-due benefits, up to the maximum fee amount specified in section 206(a)(2)(A)(ii)(II) of the Social Security Act.

I WILL PAY EXPENSES: If my attorney incurs expenses in the form of payment for medical records, I agree to pay these expenses out of any sum I receive from the Social Security Administration. These expenses are not ordinary office expenses but are instead described as funds the attorney must pay to third parties on my behalf.

I HAVE NOT BEEN PROMISED THAT I WILL WIN. My attorneys promised that they will do their best to help me. They did not promise me that I will win.

X __Renee P. [redacted]__
Client/Guardian Signature

X __Renee P. [redacted]__
Print Name

Accepted this __17__ day of __March__, 20__06__.

BERRY & ASSOCIATES

__Matt Berry__
Matthew T. Berry, Esq.

EXHIBIT A                    1/13

Mathew Berry
Attorney

2-10-08

Dear Sirs:

Please allow this letter to serve as notice of my termination of your Law Firm representing me concerning my social security claim. Please do no further work on this case. I would ask that you please forward a copy of my file to my representative who will contact you shortly.

Respectfully,



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**SOCIAL SECURITY ADMINISTRATION**

IMPORTANT INFORMATION ON REVERSE SIDE

# PETITION TO OBTAIN APPROVAL OF A FEE FOR REPRESENTING A CLAIMANT BEFORE THE SOCIAL SECURITY ADMINISTRATION

**PAPERWORK/PRIVACY ACT NOTICE:** Your response to this request is voluntary, but the Social Security Administration may not approve any fee unless it receives the information this form requests. The Administration will use the information to determine a fair value for services you rendered to the claimant named below, as provided in section 206 of the Social Security Act (42 U.S.C 406).

Fee $ **$2,175.00**

I request approval to charge a fee of _____ for services performed as the representative of **Ms. Renee Payne Porter**

Type(s) of claim(s): **DIB**

My Services Began: **02/27/2006**
My Services Ended: **02/20/2008**

Enter the name and the Social Security number of the person on whose Social Security record the claim is based.
**Renee P[redacted]**

1. Itemize on a separate page or pages the services you rendered before the Social Security Administration (SSA). List each meeting, conference, item of correspondence, telephone call, and other activity in which you engaged, such as research, preparation of a brief, attendance at a hearing, etc., related to your services as representative in this case. Give the descriptions of each service, the actual time spent in each, and the total hours. Attach to this petition the list showing the dates, the descriptions of each service, the actual time spent in each, and the total hours. — ☒ YES ☐ NO or ☒ See attached

2. Have you and your client entered into a fee agreement for services before SSA? If "yes," please state the amount on which you agreed, or attach a copy of the agreement to this petition. $ _____ — ☐ YES ☒ NO

3. (a) Have you received, or do you expect to receive, any payment toward your fee from any source other than from funds which SSA may be withholding for fee payment? — ☐ YES ☒ NO
   (b) Do you currently hold in a trust or escrow account any amount of money you received toward payment of your fee?
   If "yes" to either or both of the above, please specify the source(s) and the amount(s). $_____ $_____
   Source:
   Source:
   Note: If you receive payment(s) after submitting this petition, but before SSA approves a fee, you have an affirmative duty to notify the SSA office to which you are sending this petition. — ☐ YES ☒ NO

4. Have you received, or do you expect to receive, reimbursement for expenses you incurred? If "yes," please itemize your expenses and the amounts on a separate page. — ☐ YES ☒ NO $

5. Did you render any services relating to this matter before any State or Federal court? If "yes," what fee did you or will you charge for services in connection with the court proceeding?
   Please attach a copy of the court order if the court has approved the fee.

I certify that the information above, and on the attachment(s), is true and correct to the best of my knowledge and belief. I also certify that I have furnished a copy of this petition and the attachment(s) to the person(s) for whom I performed the services. I understand that failure to comply with Social Security laws and regulations pertaining to representation may result in suspension or disqualification from practice before SSA, the imposition of criminal penalties, or both.

| Signature of Representative | Date | Address (Include Zip Code) |
|---|---|---|
| [signature] | February 20, 2008 | 2751 Buford Highway Suite 400, Atlanta, GA 30324 |

Firm with which associated, if any
**Berry & Associates**

Telephone No. and Area Code
**(404) 235-3334**

I understand that I do not have to sign this petition or request. It is my right to disagree with the amount of the fee requested or any information given, and to ask more question about the information given in this request (as explained on the reverse side of this form). I have marked my choice below. By signing this request, I am not giving up my right to disagree later with the total fee amount the Social Security Administration authorizes my representative to charge and collect.

☐ I agree with the $ _____ fee which my representative is asking to charge and collect.

**OR**

☐ I do not agree with the requested fee or other information given here, or I need more time. I understand I must call, visit, or write to SSA within 20 days if I have questions or if I disagree with the fee requested or any information shown (as explained on the reverse sides of this form).

Signature of Claimant

Date: **February 20, 2008**

Telephone No. and Area Code
**(404)697-1351**

Address (Include Zip Code)
**2326 Secring Court Marietta GA 30064**

FILE COPY

Form SSA-1560-U4 (12-89)

P▮▮▮ Renee

| Date | Type | Subject | Hours | Attorney |
|---|---|---|---|---|
| 02/27/2006 | Time Entry | Telephone call w/Client conducting initial interview | 0.5 | MTB |
| 03/03/2006 | Time Entry | In depth interview of client | 1.2 | MTB |
| 03/17/2006 | Time Entry | Prepare Disability Report-Appeal | 0.4 | MTB |
| 03/17/2006 | Time Entry | Prepare Request for Reconsideration | 0.3 | MTB |
| 03/17/2006 | Time Entry | Draft letter to client | 0.25 | MTB |
| 03/18/2006 | Time Entry | Extended rev. of client's med issues; past relevant work and DOT Codes | 2.7 | MTB |
| 03/21/2006 | Time Entry | Tel. conf with client re: status and appeal | 0.3 | MTB |
| 03/22/2006 | Time Entry | Prepare RFC for Dr. Windsor | 0.5 | MTB |
| 06/07/2006 | Time Entry | Prepare Request for ALJ Hearing - to client | 0.4 | MTB |
| 06/07/2006 | Time Entry | Prepare Disability Repprt-hrg to client | 0.6 | MTB |
| 06/07/2006 | Time Entry | Tel. conf with client re: recon denial | 0.2 | MTB |
| 06/27/2006 | Time Entry | Telephone call w/Client re: hrg documents | 0.25 | MTB |
| 07/06/2006 | Time Entry | Tel conf with client re: hearing documents | 0.2 | MTB |
| 02/13/2007 | Time Entry | Draft letter to SSA re: change of address | 0.2 | MTB |
| 12/06/2007 | Time Entry | Tel. conf with client re: status and hearing delay | 0.25 | MTB |
| 02/20/2008 | Time Entry | Rec'd letter of termination from client | 0.2 | MTB |
| 02/20/2008 | Time Entry | Draft letter to ODAR advising of termination | 0.25 | MTB |
| 02/25/2008 | Time Entry | CL- Withdrawl to client | 0.25 | MTB |

Total Time (hrs)   8.95

LAW OFFICES OF ROBERT R. PAGNIELLO, P.C.
ATTORNEYS AT LAW

DECATUR
1400 SCOTT BOULEVARD
DECATUR, GEORGIA 30030
TELEPHONE (404) 373-5550
FACSIMILE (404) 373-3062

ATTORNEYS
Robert R. Pagniello
Jeffrey C. Renz
Penny Morris*
Philip E. Kay
John N. Edmonson
James A. Rhodes*

*Admitted in Illinois

SNELLVILLE
2086 EAST MAIN STREET
SNELLVILLE, GEORGIA 30078
TELEPHONE (770) 982-2252
FACSIMILE (770) 982-2544

### ATTORNEY FEE CONTRACT

(I), (We) Renee P_____ Social Security Number(s)._____ hereinafter referred to as "Claimant's," hereby employ The Law Office of Robert R. Pagniello, P.C., hereinafter referred to as "Attorney," to represent me and my family in my claim for Social Security benefits.

As his/her compensation, said Attorney is to receive twenty-five percent (25%) or $5,300.00, whichever is lesser of all past-due benefits payable to me and my family.

Said Attorney hereby accepts said employment and agrees to prosecute said claim diligently and to the best of his/her ability.

IT IS MUTUALLY AGREED that if nothing is recovered on said claim, Attorney is to receive no compensation for his/her services.

Upon request of Attorney, Claimant(s) agree(s) to reimburse Attorney for all out-of-pocket expenses and for any court costs advanced by Attorney on behalf of Claimant(s).

On this the 21 day of February, 20 08

X _Renee Porter_
Claimant

_Robert R. Pagniello_
Robert R. Pagniello

_Jeffrey C. Renz_
Jeffrey C. Renz

_John N. Edmonson_
John N. Edmonson

_Jason Wyrick_
Jason Wyrick

_George French_
George French

Social Security Administration  
Please read the back of the last copy before you complete this form.

Form Approved  
OMB No. 0960-0527

| Name (Claimant) (Print or Type) | Social Security Number |
|---|---|
| Renee P ███████ | ███████ |

| Wage Earner (If Different) | Social Security Number |
|---|---|
|  |  |

### Part I — APPOINTMENT OF REPRESENTATIVE

I appoint this person. **Robert R. Pagniello** — 2088 East Main Street, Snellville, GA 30078.  
(Name and Address)

to act as my representative in connection with my claim(s) or asserted right(s) under:

- ☒ Title II (RSDI)
- ☒ Title XVI (SSI)
- ☒ Title XVIII (Medicare Coverage)
- ☒ Title VIII (SVB)

This person may, entirely in my place, make any request or give any notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s).

☐ I appoint, or I now have, more than one representative. My main representative is _____  
(Name of Principal Representative)

| Signature (Claimant) | Address |
|---|---|
| Renee P ███████ | 2326 Sebring Court, Marietta, GA 30064 |

| Telephone Number (with Area Code) | Fax Number (with Area Code) | Date |
|---|---|---|
| 404-697-1351 |  | 2-21-08 |

### Part II — ACCEPTANCE OF APPOINTMENT

I, **Robert Pagniello**, hereby accept the above appointment. I certify that I have not been suspended or prohibited from practice before the Social Security Administration; that I am not disqualified from representing the claimant as a current or former officer or employee of the United States; and that I will not charge or collect any fee for the representation, even if a third party will pay the fee, unless it has been approved in accordance with the laws and rules referred to on the reverse side of the representative's copy of this form. If I decide not to charge or collect a fee for the representation, I will notify the Social Security Administration. (Completion of Part III satisfies this requirement.)

Check one:  
☒ I am an attorney.  
☐ I am a non-attorney who is eligible to receive direct fee payment.  
☐ I am not an attorney and I am ineligible to receive direct fee payment.

I have been disbarred or suspended from a court or bar to which I was previously admitted to practice as an attorney. ☐ YES ☒ NO  
I have been disqualified from participating in or appearing before a Federal program or agency. ☐ YES ☒ NO

I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.

| Signature (Representative) | Address |
|---|---|
| R. Pagniello | 2088 East Main Street, Snellville, GA 30078 |

| Telephone Number (with Area Code) | Fax Number (with Area Code) | Date |
|---|---|---|
| (770) 982-2252 | (770) 982-2544 | 2-21-08 |

### Part III (Optional) — WAIVER OF FEE

I waive my right to charge and collect a fee under sections 206 and 1631(d)(2) of the Social Security Act. I release my client (the claimant) from any obligations, contractual or otherwise, which may be owed to me for services I have provided in connection with my client's claim(s) or asserted right(s).

| Signature (Representative) | Date |
|---|---|
|  |  |

### Part IV (Optional) — WAIVER OF DIRECT PAYMENT

by Attorney or Non-Attorney Eligible to Receive Direct Payment

I waive only my right to direct payment of a fee from the withheld past-due retirement, survivors, disability insurance or supplemental security income benefits of my client (the claimant). I do not waive my right to request fee approval and to collect a fee directly from my client or a third party.

| Signature (Attorney or Eligible Non-Attorney (for Direct Payment) Representative) | Date |
|---|---|
|  |  |

Form SSA-1696-U4 (1-2005) EF (1-2005)   (See Important Information on Reverse)   FILE COPY  
Destroy Prior Editions

# Law Offices of Robert R. Pagniello, P.C.
### Attorneys At Law

**ATTORNEYS**
Robert R. Pagniello
Jeffrey C. Renz
John N. Edmonson
Jason G. Wyrick*
James Brennan Doyle

*Admitted in California

DECATUR OFFICE
160 Clairmont Avenue
Decatur, Georgia 30030
Telephone (404) 373-5550
Facsimile (404) 373-3062

SNELLVILLE OFFICE
2088 East Main Street
Snellville, Georgia 30078
Telephone (770) 982-2252
Facsimile (770) 982-2544

[Stamp: ADMINISTRATIVE LAW JUDGE  JUN 05 2008]

## REPLY TO SNELLVILLE OFFICE

June 4, 2008

ODAR Atlanta North
3105 Clairmont Road
Atlanta, GA 30329

RE: Renee P██████
SS#: ██████████

Dear Sir/Madam:

Enclosed herewith please find **Form SSA-1696 Appointment of Representative, previous attorney termination letter and attorney fee contract** regarding the above-referenced client. Please forward any correspondence to our office so that we may assist the claimant. Thank you in advance for your cooperation in this matter.

*I have enclosed a copy of this cover letter, along with a self-addressed stamped envelope for your convenience. Please return a 'stamped-received' copy of this letter so that we may have confirmation for our file that you have received these records.*

If you have any questions or concerns, please do not hesitate to contact me.

Respectfully yours,

Sarah Yarbray
Social Security Paralegal

/sey
Enclosures

7 / 13



SOCIAL SECURITY ADMINISTRATION

Refer To: ▮▮▮▮▮

Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3105 Clairmont Rd
Atlanta, GA 30329-1015

Date: December 2, 2008

Renee P ▮▮▮▮
3722 Debbie Lane
Powder Springs, GA 30127

## NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

### This Decision is Fully Favorable To You

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How to File an Appeal

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Disability Adjudication and Review, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

Renee P Porter (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)

Time to File an Appeal

To file an appeal, you must file your request for review within 60 days from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

Time to Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider with your request for review.

How an Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulation exists. Section 404.970 of the regulation lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

If No Appeal and No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

## SOCIAL SECURITY ADMINISTRATION
Office of Disability Adjudication and Review

### ORDER OF ADMINISTRATIVE LAW JUDGE

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Renee P█████ | Period of Disability and Disability Insurance Benefits |
| (Claimant) | |
| ──────────────── | ──────────────── |
| (Wage Earner) | (Social Security Number) |

I approve the fee agreement between the claimant and her representative subject to the condition that the claim results in past-due benefits. My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the agreement.

## YOU MAY REQUEST A REVIEW OF THIS ORDER AS INDICATED BELOW

**Fee Agreement Approval:** You may ask us to review the approval of the fee agreement. If so, write us within 15 days from the day you get this order. Tell us that you disagree with the approval of the agreement and give your reasons. Your representative also has 15 days to write us if he or she does not agree with the approval of the fee agreement. Send your request to this address:

> Ollie Garmon
> Regional Chief Administrative Law Judge
> SSA ODAR R O
> Suite 20t10
> 61 Forsyth Street S W
> Atlanta, GA 30303

**Fee Agreement Amount:** You may also ask for a review of the amount of the fee due to the representative under this approved fee agreement. If so, <u>please write directly to me as the deciding Administrative Law Judge</u> within 15 days of the day you are notified of the amount of the fee due to the representative. Your representative also has 15 days to write me if he/she does not agree with the fee amount under the approved agreement.



**BERRY AND ASSOCIATES**
ATTORNEYS AT LAW

2751 BUFORD HIGHWAY, SUITE 400
ATLANTA, GEORGIA 30324
PHONE      (404) 235-3300
FAX         (678) 500-7250
TOLL FREE  (800) 232-4009

December 18, 2008

The Honorable Verley J. Spivey
Office of Disability Adjudication and Review
Atlanta North Office
3105 Clairmont Road
Atlanta, Georgia 30329

POST DEVELOPMENT

Re:   Claimant:         Renee P▓▓▓
      SSN:              ▓▓▓▓▓▓▓
      Type of Claim:    SSD
      Hearing Date:     November 18, 2008

Dear Judge Spivey:

From February, 2006 until February, 2008 I represented Ms. Renee R▓▓▓ in her claim before the Social Security Administration. Having grown frustrated with the time her case had been pending without being heard, Ms. Porter came to believe new counsel would speed the process and so terminated our relationship in February, 2008. Upon information and belief, she retained the Law Offices of Robert Pagniello. At that time, I advised the Court of my termination and submitted a fee application.

On December 10, 2008 I received a copy of a Fully Favorable decision Your Honor issued in this case. The decision listed James B. Doyle as the representative. Mr. Doyle appears to be associated with the office of Mr. Pagniello. Your Honor also issued an approval of the fee agreement (presumably that between the claimant and her subsequent representative).

In light of the forgoing, I respectfully request that Your Honor issue an amended decision in which the Court does not approve the fee agreement and that you take my fee application under consideration in due course. I have enclosed an additional copy of that application for ease of review.

Respectfully submitted,

Matt Berry

cc.   Renee Porter
      2326 Secring Court
      Marietta, GA 30064
      (w/ attachments)

7008 1830 0004 0143 8519



SOCIAL SECURITY ADMINISTRATION

Refer To:

Renee P ▮▮▮▮▮

Office of Disability Adjudication and Review
3105 Clairmont Rd
Atlanta, GA 30329-1015
Tel: (404)325-3256 / Fax: (404)325-7856

February 27, 2009

## AUTHORIZATION TO CHARGE AND COLLECT FEE

To:  Matthew T. Berry
     2751 Buford Highway, Suite 400
     Atlanta, GA 30324

**IN THE CASE OF**

Renee P ▮▮▮▮▮
(Claimant)

_____
(Wage Earner)

**CLAIM FOR**
Period of Disability and Disability Insurance Benefits

▮▮▮▮▮
(Social Security Number)

The representative is authorized to charge and collect a fee in the amount of $2,175.00 for services provided the claimant and auxiliaries, if any, for proceedings before the Social Security Administration. The fee does not include any out-of-pocket expenses (for example, costs to get copies of doctors' or hospitals' reports). This is a matter between the claimant and the representative.

If the representative or the claimant disagrees with the fee, either or both can ask us to review the amount of the fee. If the claimant thinks the fee is too high or the representative thinks the fee is too low, either party must write to us within 30 days from the date of this notice. The claimant or representative must also send a copy of the request and any attachments to the other person. The review can result in an increase, decrease, or no change in the amount of the fee.

HA-L17 (03-2007)

c can

Renee P Porter (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)                           Page 2 of 2

'The request for review must give the reasons for disagreeing with the amount of the fee and be sent to:

   Office of the Regional Chief Administrative Law Judge
   Office of Disability and Adjudication Review
   SSA ODAR R O
   Suite 20t10
   61 Forsyth Street S W
   Atlanta, GA 30303

The paragraph below refers to payment of the representative's authorized fee.

We will directly pay your fee from the claimant's Title II past-due benefits. (If the check does not cover the authorized fee, payment of the balance is a matter for you and the claimant to settle.) We will also charge you the assessment required by section 206(d) of the Social Security Act. You cannot charge or collect this expense from the claimant. You should send any questions about the status of the check to the processing center or Social Security office that issued the claimant's award letter.

                                        AUTHORIZING OFFICIAL

                                        _____
                                        Verley J. Spivey
                                        Administrative Law Judge

SEE ATTACHMENTS FOR OTHER IMPORTANT INFORMATION

cc: Renee P ▮▮▮▮▮▮

                                                              HA-L17 (03-2007)